UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>HERMILO VIRELAS MACIEL,<br><br>  Defendant. | No. CR 95-00231-1 WHA<br><br>**ORDER RE MOTION FOR COMPASSIONATE RELEASE** |

Defendant Hermilo Virelas Maciel seeks compassionate release from custody on account of heightened risk of serious illness were he to contract COVID-19. For the following reasons, the motion is **DENIED**.

Defendant was charged with conspiracy to distribute and with possession with intent to distribute methamphetamine in 1995. The amount was not charged in the indictment, but the government (via supplemental briefing at sentencing) alleges 602 grams and this Court relied on that volume at sentencing (Dkt. No. 39 at 3; Tr. 13–14). Mr. Virelas Maciel absconded from pretrial supervision and a bench warrant issued several months after charges were filed. He remained at large until March 2018, almost 23 years later. He apparently worked installing dry wall and had no law enforcement contact until the outstanding warrant was discovered during a 2018 traffic stop. In the same year, he pled guilty to both counts and this Court sentenced him to 96 months in custody with three years of supervised release. Having served approximately 37 months of his sentence, as of now, he has approximately 44 months

remaining until his BOP-projected release date in December 2024. He is designated at CI Reeves III in Texas, a facility run by the GEO Group. Defendant may be subject to immigration consequences, including deportation, upon release.

This order follows full briefing and two oral arguments (telephonic due to COVID-19).

Under 18 U.S.C. § 3582(c)(1)(A)(i), a district court may modify a term of imprisonment:

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

In determining whether to modify a term of imprisonment, a district court must consider the factors in Section 3553(a) and find that "extraordinary and compelling reasons warrant such a reduction," "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Our court of appeals recently found, however, that there is no currently-applicable policy statement issued by the Sentencing Commission. *See USA v. Aruda,* No. 20-10245, D.C. No. 1:14-cr-00577 (April 8, 2021). Thus, the policy statement does not bind district courts.

Parties agree that Mr. Virelas Maciel has exhausted administrative appeals and therefore that the district court has jurisdiction to decide the motion.

Mr. Virelas Maciel is 66 years old. He has twice been diagnosed with cancer (unknown type), and he underwent surgery to remove a tumor from his kidney in 2016 (PSR at ¶ 47). His most recent CT scan shows that the cancer has not reoccurred.

Mr. Virelas Maciel is obese, but his weight falls on the low end of the obesity spectrum. According to counsel, he has acute hyperglycemia, and chronic hypertension, pre-diabetes, vertigo, and dizziness, and he takes medication for hyperglycemia, hypertension, hyperlipdemia, and latent tuberculosis (Supp. Brief. at 11).

Mr. Virelas Maciel has had both doses of the Pfizer vaccine. Of course, "breakthrough" infections are possible. But while Mr. Virelas Maciel has a history of cancer, this does not

clearly put him at risk for severe illness due to COVID-19, per the Centers for Disease Control and Prevention. He is obese, but not severely so. His age weighs in favor of release, but his more than 20 years of absconding caused his incarceration at this age.

While Mr. Virelas Maciel has incurred no disciplinary violations, he has served less than 50% of his sentence and he does not face severe risk factors for serious illness from COVID-19 (Guzman Decl., ¶ 2).

Since his circumstances do not rise to the level of "extraordinary and compelling," the motion for compassionate release is **DENIED**.

The Court recommends that when the facility is closed (soon, we hear), that defendant be transferred to a facility closer to his family.

**IT IS SO ORDERED.**

Dated: April 26, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE