UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | No. CR 95-00231-WHA-1 |
| v. | | |
| HERMILO VIRELAS MACIEL, | | **ORDER RE MOTION FOR "SMITH DEPARTURE" FOR SUBSTANTIAL HARDSHIP** |
| Defendant. | | |

In April 2021, a prior order herein denied defendant Hermilo Virelas Maciel's motion for a modification of his sentence under 18 U.S.C.A. § 3582(c). Mr. Maciel was represented by counsel at that time. Mr. Maciel now moves *pro se* for a reduced sentence. This order finds the relief he requests, a "*Smith*" downward departure for substantial hardship, unavailable.

*United States v. Smith* (D.C. Cir. 1994) 27 F.3d 649, 655, held, "[A] downward departure," in sentencing, "may be appropriate where the defendant's status as a deportable alien is likely to cause a fortuitous increase in the severity of his sentence." Mr. Maciel is being held according to his status as a deportable non-citizen. He describes his conditions as harsher than those of U.S. citizens who are incarcerated in the B.O.P. *Smith* cannot aid Mr. Maciel, however, because he has already been sentenced. Federal law prohibits the district courts from "modify[ing] a term of imprisonment once it has been imposed," except for "extraordinary and compelling

reasons." 18 U.S.C.A. § 3582(c). To repeat, this Court already rejected Mr. Maciel's stated extraordinary and compelling reasons (Dkt. No. 86).

If accurately represented, Mr. Maciel's circumstances in a private facility with other non-citizens appear unusual and onerous. But current law bars this order from providing relief. Mr. Maciel must turn to administrative procedures and/or a civil suit to seek a legal remedy.

The motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 6, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE